Mr. Justice Shepard
delivered the opinion of the Court:
This case is the third of the series argued and submitted with No. 204, Allman v. The District, ante, p. 8. Petitioner is the owner of sublot 14, square 144, city of Washington. She-was charged under the appropriation of March 3, 1891, with the sum of $139.77, f°r the construction of a curb and sidewalk in front of her lot. The work was reported as completed May 7, 1892, and having been assessed against her, notice of the same was given by delivery of a copy of the assessment to the son of petitioner on September 1, 1892. The return of the record in the office of the Commissioners, *32 made to the certiorari, shows that on May 7, 1892, the computing engineer reports the “ completion of the curbing and sidewalks on 18th street n. w., between D and E streets; cost on west side opposite square 144, $589.79”; and that on August 13, 1892, the assessment clerk submitted the assessment to the Commissioners against petitioner as for 136.17 linear feet, in the sums of $86.47 f°r curbing and $53.30 for sidewalk. This was approved and certified by the Commissioners. Upon this the notice above mentioned issued in the form prescribed.
The record does not show that any request was ever made by any one for the improvement, or that it was ever ordered by the Commissioners at all. On the copy of the writ and return thereto made by the District, appears an indorsement signed by John Walker, chief clerk, and dated January 18, 1893, to the effect that “This work was done under Contract No. 1536, with the Barber Asphalt Paving Co. in connection with the improvement of 18th street, bet. D and E streets n. w.” The writ of certiorari was issued and served December 2, 1892. Upon this return the petitioner moved for judgment, whereupon the court certified the case to the General Term of the Supreme Court of the District to be heard in the first instance, from whence it has been transferred to this court.
The assessment in this case is without any foundation whatever. The appropriation act relates to the improvement and repair of sidewalks and alleys when ordered by the Commissioners. The record does not show that the work was ever ordered. If we were to accept the indorsement made on the writ by the chief clerk, which, however, is no part of the official record, it would seem that the work was done under a general contract with the Barber Asphalt Paving Co. under some general contract for paving 18th street, the contents of which are not stated.
There being no foundation whatever for the assessment, it is unnecessary to consider or discuss other questions raised on the record, especially as the important ones have already *33 been discussed, with a view to this and the other cases, in thé Allman Case, ante, p. 8.

The cause must be remanded to the Supreme Court of the District of Columbia, with direction to enter a judgment granting the prayer and motion of the petitioner, in accordance with this opinion ; and it is so ordered.